623 So.2d 480 (1993)
Jeffrey Allen MUEHLEMAN, Petitioner,
v.
Richard L. DUGGER, etc., Respondent.
Jeffrey Allen MUEHLEMAN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 74270, 79816.
Supreme Court of Florida.
August 5, 1993.
*481 Larry Helm Spalding, Capital Collateral Representative, and Judith J. Dougherty, Gail E. Anderson and Fred P. Bingham, II, Asst. Capital Collateral Representatives, Office of Capital Collateral Representative, Tallahassee, for petitioner, appellant.
Robert A. Butterworth, Atty. Gen., and Robert J. Landry, Asst. Atty. Gen., Tampa, for respondent, appellee.
PER CURIAM.
Jeffrey Allen Muehleman, a prisoner under sentence of death, appeals the circuit court's denial of his petition under Florida Rule of Criminal Procedure 3.850 and petitions this Court for a writ of habeas corpus. We have jurisdiction under article V, section 3(b)(1) of the Florida Constitution.
Muehleman was convicted of first-degree murder pursuant to a guilty plea in 1983. After a penalty proceeding, a jury recommended death by a vote of ten to two, and the trial judge followed the recommendation. On direct appeal, this Court upheld the conviction and sentence. Muehleman v. State, 503 So.2d 310 (Fla.), cert. denied, 484 U.S. 882, 108 S.Ct. 39, 98 L.Ed.2d 170 (1987). Subsequently, postconviction counsel made a public records request under chapter 119, Florida Statutes (1989), to the Pinellas County Sheriff for all records relating to the case. The sheriff did not fully comply with the request and Muehleman filed a motion to compel disclosure of public records pursuant to chapter 119. Muehleman also filed a motion for postconviction relief. The circuit court summarily denied all of the claims raised in Muehleman's motion for postconviction relief but granted the motion to compel disclosure of records under chapter 119. Further, the court granted Muehleman leave to file a new motion for postconviction relief predicated on claims arising from the disclosure.
As his first issue on appeal, Muehleman argues that the circuit court erred in denying his motion under rule 3.850 while simultaneously granting his public records request. Muehleman claims that postconviction counsel's investigation of the case was frustrated by the refusal of the Pinellas County Sheriff to comply fully with Florida's public records law. Presumably, counsel would have incorporated information contained in the sheriff's records into the rule 3.850 motion to support the claims raised therein and to support additional claims. In response, the State argues that the circuit court's action, giving Muehleman leave to file a new motion for postconviction relief if the disclosed records warrant it, was appropriate.
It is well settled that capital postconviction defendants are entitled to chapter 119 records disclosure. Walton v. Dugger, 621 So.2d 1357 (Fla. 1993); State v. Kokal, 562 So.2d 324 (Fla. 1990); Provenzano v. Dugger, 561 So.2d 541 (Fla. 1990). In Walton, this Court reviewed a circuit court order denying a capital defendant's motion for postconviction relief. 621 So.2d at 1359. In his motion, the defendant raised a number of claims. Id. One of them involved the circuit court's summary denial of a records disclosure issue under chapter 119. Id. This Court held that the summary denial was erroneous and ordered the circuit judge to hold an evidentiary hearing to determine whether the defendant was entitled to the records. Id. Regarding the remaining issues, we reserved ruling on them while the chapter 119 issue remained unresolved. Id. If the circuit court found that the defendant was, in fact, entitled to the records, we granted him thirty days from the rendition of that ruling in which to amend his motion for postconviction relief to incorporate the additional claims or facts discovered as a result of the disclosure. Id.
We believe that the course we took in Walton is appropriate in the instant case. Accordingly, we relinquish jurisdiction of Muehleman's case to the circuit court. Muehleman has sixty days from the date he receives the records to which he is entitled or from the date of this opinion, whichever is later, to amend his 3.850 petition to include any facts or claims contained in the sheriff's records. The circuit court should review the amended petition in light of the newly discovered information. In the interest of judicial *482 economy, we reserve ruling on the remaining issues raised by Muehleman in his rule 3.850 appeal and his habeas petition until the circuit court rules on the amended motion.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.