673 So.2d 479 (1996)
Peter VENTURA, Appellant,
v.
STATE of Florida, Appellee.
No. 84222.
Supreme Court of Florida.
January 11, 1996.
Rehearing and Clarification Denied April 25, 1996.[*]
Michael J. Minerva, Capital Collateral Representative, and Stephen M. Kissinger, Assistant CCR, Office of the Capital Collateral Representative, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Gypsy Bailey, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Peter Ventura appeals an order entered in the trial court, in which the trial judge dismissed Ventura's motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. This case illustrates the immediate need for an improved procedure for timely requesting and timely furnishing public records in postconviction relief proceedings.
This case has been extensively delayed, primarily due to the failure of governmental entities to provide public records requested pursuant to chapter 119, Florida Statutes (1993). For the reasons expressed, we find that the dismissal, which was entered before all of the public records were provided, was premature and that Ventura should have been allowed to amend his motion once the requested public records were furnished.
Peter Ventura was convicted of first-degree murder and sentenced to death for the contract murder of a marina employee. The evidence at trial reflected that Jerry Wright took out an employee's insurance policy on the victim and later approached one Jack McDonald to find someone to kill the victim for the insurance proceeds. McDonald, who was the State's key witness, testified at trial that he arranged for Ventura to carry out the murder. McDonald was not convicted of any crime related to the murder because of speedy trial problems. After Ventura's trial was completed, Wright was convicted and received a sentence of life imprisonment. The facts of this case are set forth in more detail in Ventura v. State, 560 So.2d 217 (Fla.), cert. denied, 498 U.S. 951, 111 S.Ct. 372, 112 L.Ed.2d 334 (1990). After the United States Supreme Court denied Ventura's petition for a writ of certiorari, Ventura filed a rule 3.850 motion seeking post-conviction relief. That motion was filed eight months before the expiration of the two-year deadline for filing such a motion, as set forth in rule 3.850.[1] Ventura argued in his motion *480 that, because a number of agencies had not complied with his requests for public records, he was unable to file a proper rule 3.850 motion. Instead, he simply listed in the motion the eleven claims he intended to raise once the agencies complied with his public records requests. The public records requests were made three months before Ventura filed the rule 3.850 motion.
The trial judge dismissed claims one through six without prejudice[2] because they failed to adequately state a claim upon which relief could be granted. The trial judge dismissed claims seven through eleven with prejudice,[3] finding that those claims were procedurally barred because they could or should have been raised on direct appeal. The trial judge then scheduled a hearing to consider Ventura's unfulfilled public records requests. Ventura filed a motion for rehearing, arguing that the rule 3.850 motion should not have been dismissed. At the hearing on the public records request, the trial judge ruled in Ventura's favor and issued an order compelling production of documents to a number of agencies. The order required that the documents be produced within twenty days. The trial judge did not rule on Ventura's motion for rehearing.
The agencies failed to comply with the order compelling production of documents. Four months later, Ventura moved for an order compelling compliance with the previously entered order compelling production. At the hearing on that motion (yet another six months later), a number of the requested materials were finally produced but the State requested additional time to claim exemptions. The trial judge granted the additional time.
Five days before the status hearing set in this cause, Ventura amended his still outstanding motion for rehearing on the original rule 3.850 motion to include factual allegations made possible by the intervening public records disclosure. At the status hearing, the trial judge denied the motion for rehearing on the grounds that no provision existed for amending a motion for rehearing.
Within thirty days of the trial judge's denial of the motion for rehearing, Ventura filed a second rule 3.850 motion. The next day he filed a notice of appeal. The trial judge subsequently struck the second 3.850 motion on the grounds that the trial court lost jurisdiction once the notice of appeal was filed.
In his appeal before this Court, Ventura asserts that the trial judge erroneously dismissed his original 3.850 motion, erroneously denied his amended motion for rehearing on that motion, and erroneously refused to hear the second 3.850 motion. Additionally, he asserts that the state has yet to fully comply with his public records requests. He also sets forth those issues on which he contends he should be afforded an evidentiary hearing.[4] For instance, in his brief before this Court, Ventura argues that he was "set-up" by McDonald to take the fall for the murder of the victim in this case. According to Ventura, the public records he has now received reflect that the victim was actually *481 killed by drug dealers after being placed on a drug-related "hit-list." As indicated previously, McDonald was the State's key witness and he testified that he hired Ventura to kill the victim for insurance proceeds. Further, McDonald was not convicted of any crime related to this case due to speedy trial problems. Jerry Wright, who allegedly asked McDonald to hire Ventura, received a sentence of life imprisonment.
This case presents a classic example of the problems inherent in our current process for providing public records to capital post-conviction defendants. Ventura argues that he cannot properly file claims in his rule 3.850 motion until the State fully complies with his public records requests. He therefore contends that the trial judge improperly disposed of his claims. The State argues that Ventura did not request those documents in a timely fashion and that, because he did not adequately state his claims in the rule 3.850 motion or otherwise follow the proper procedure for obtaining relief, the trial judge properly dismissed or denied his claims. In reality, both sides are responsible for the delays in this case. Ventura should have requested the records and moved the trial judge to compel compliance at an earlier date. Likewise, the State should have complied with the public records request in a timely fashion. Clearly, however, Ventura was entitled to receive any requested records for which no legitimate exemptions were filed. This Court has repeatedly found that capital post-conviction defendants are entitled to public records disclosure. Walton v. Dugger, 634 So.2d 1059 (Fla.1993); State v. Kokal, 562 So.2d 324 (Fla.1990); Provenzano v. Dugger, 561 So.2d 541 (Fla.1990). This Court has further determined that a defendant should be allowed to amend a previously filed rule 3.850 motion after requested public records are finally furnished. Muehleman v. Dugger, 623 So.2d 480 (Fla.1993); Walton. Our holdings in those cases directly control the outcome of this case. Consequently, we find that the trial judge erred in prematurely considering and dismissing Ventura's original rule 3.850 motion and that Ventura must be allowed to amend his original rule 3.850 motion once all public records issues have been resolved.
In reaching our decision, we also find it necessary to discuss the trial judge's dismissal of a number of Ventura's rule 3.850 motion claims with prejudice. The trial judge dismissed those claims because Ventura failed to set forth sufficient legal and factual grounds for relief or, in the alternative, because those claims were procedurally barred given that they could and should have been raised on direct appeal. Notably, on direct appeal, Ventura raised nineteen separate issues in which he asserted that his counsel was ineffective. We found that those claims should be addressed in a rule 3.850 motion rather than in the direct appeal. Thus, in remanding this case, we stress that any claims regarding ineffective assistance of counsel must be specifically addressed by the trial judge. Further, this motion needs to be addressed on its merits within a reasonable time. The State cannot fail to furnish relevant information and then argue that the claim need not be heard on its merits because of an asserted procedural default that was caused by the State's failure to act.
We acknowledge that the current process for requesting and furnishing public records, claiming exemptions to public records, and setting hearings on issues regarding public records requests in this type of case is in need of immediate reform. We find, however, that it is not appropriate to remedy those problems in this opinion. Nevertheless, given the delays that have occurred in the instant action, we find it absolutely necessary to provide for an accelerated procedure for resolving the issues in this case.
Accordingly, we reverse the trial judge's order dismissing Ventura's original rule 3.850 motion to vacate Ventura's conviction and sentence, finding that such dismissal was premature in light of unfulfilled public records requests. We remand this case with the following directives. Within thirty days from the date the mandate in this cause is issued, the trial judge shall conduct a hearing on Ventura's claim that various agencies have not yet fully complied with or filed exemptions to his public records requests. If the trial judge finds that requests are still outstanding, the trial judge shall order that the *482 records be furnished or exemptions thereto be filed within twenty days from the date of the hearing. Ventura shall have sixty days from the date of compliance or sixty days from the trial judge's order finding that no public records requests remain unfulfilled to file an amended rule 3.850 motion. The State shall have twenty days to file a response. The trial judge shall then schedule a hearing on the rule 3.850 motion within ninety days from the date of the State's response.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
WELLS, J., concurs with an opinion.
WELLS, Justice, concurring.
I concur with the majority opinion and write only to state my view that there must be a production rule adopted to address the problems identified by the majority opinion. This rule should be proposed, approved, and adopted as soon as possible. The rule should set the time period in which requests for production have to be filed following the direct appeal, the time in which documents from all governmental entities must either be produced or objection made, and the time for motions to compel to be filed to test the withholding of requested documents. These time periods should be within the time periods for filing motions for postconviction relief so that the production of documents does not continue to prevent timely adjudication of postconviction motions. The rule should expressly state that the failure to meet the rule time requirements will constitute a waiver of either production or objection to the production.
NOTES
[*] Shaw and Kogan, JJ., dissent from denial of Clarification.
[1] Rule 3.851 now provides that any motion to vacate the judgment of conviction and sentence of death filed pursuant to rule 3.850 is to be filed within one year after the disposition of the petition for writ of certiorari by the United States Supreme Court. At the time Ventura filed his motion, the time for filing a rule 3.850 motion was two years from the date the petition for writ of certiorari was denied. Ventura's rule 3.850 motion was filed eight months before the expiration of the two-year deadline to comply with schedules set by the Governor.
[2] In the first six claims, Ventura asserted that: (1) public records were being withheld; (2) counsel was ineffective during pretrial and the guilt phase of trial because a full adversarial testing did not occur; (3) counsel was ineffective during sentencing, which has rendered the penalty unreliable; (4) the State withheld evidence that was material and exculpatory; (5) counsel was ineffective due to a conflict of interest; and (6) newly discovered evidence establishes that his conviction and sentence are unreliable.
[3] In claims seven through eleven, Ventura argued that: (7) the sentencing judge used Ventura's failure to present his version of the offense to support aggravating circumstances; (8) the trial judge erred in failing to find mitigating circumstances supported by the record; (9) counsel was ineffective in failing to object to the burden-shifting penalty phase instructions; (10) the jury was improperly instructed on the aggravating circumstances; and (11) the trial was fraught with procedural and substantive errors, that, when combined, deprived him of a fair trial.
[4] Ventura asserts that his counsel was ineffective in failing to present evidence, to properly object to the selection or dismissal of certain jurors, to properly object to improper jury instructions, and to advise Ventura of counsel's conflict of interest; that the state withheld exculpatory evidence; that newly discovered evidence warrants a new trial; that his counsel was ineffective in the penalty phase because Ventura was deprived of his right to remain silent; that the trial judge erroneously refused to find certain evidence in mitigation; and that the cumulative nature of the errors in his case warrant a new trial.