703 So.2d 1035 (1997)
Tommy Sands GROOVER, Appellant,
v.
STATE of Florida, Appellee.
No. 86623.
Supreme Court of Florida.
August 21, 1997.
Rehearing Denied January 9, 1998.
*1036 Gail E. Anderson and Jennifer M. Corey, Assistant Capital Collateral Representatives, Office of the Capital Collateral Representative, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Barbara J. Yates, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Tommy Sands Groover, a prisoner under sentence of death, appeals the trial court's summary denial of his motion to vacate sentence and judgment pursuant to Florida Rule of Criminal Procedure 3.850 and dismissal of his amended motion. We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution. For the reasons discussed below, we affirm the trial court's order.
Groover was convicted on three counts of first-degree murder for the February 1982 murders of Richard Padgett, Jody Dalton, and Nancy Sheppard. The jury recommended life sentences for the Padgett and Sheppard murders and a death sentence for the Dalton murder. The judge followed the jury's recommendation as to the Dalton and Sheppard murders, but overrode the jury's life recommendation as to the Padgett murder. On appeal, this Court affirmed all of Groover's convictions and sentences. Groover v. State, 458 So.2d 226 (Fla.1984), cert. denied, 471 U.S. 1009, 105 S.Ct. 1877, 85 L.Ed.2d 169 (1985).
Groover filed his original motion to vacate judgment and sentence and an application for a stay of execution with the trial court in June 1986. The court summarily denied, but on appeal this Court granted a stay of execution and remanded to the trial court for an evidentiary hearing on several issues involving trial counsel's representation. Groover v. State, 489 So.2d 15 (Fla.1986). On remand, the trial court concluded that relief was not warranted. This Court affirmed that denial on appeal and found no merit to Groover's claim that he was denied an impartial determination of his claims. Groover v. State, 574 So.2d 97 (Fla.1991).
While the appeal from the trial court's denial of Groover's first motion was pending here, Groover filed a second motion to vacate judgment and sentence with the trial court. The trial court summarily denied this second motion and this Court affirmed that denial, finding the claims to be either without merit or procedurally barred. Groover v. State, 640 So.2d 1077 (Fla.1994).
*1037 Groover subsequently filed a petition for habeas relief with this Court, raising six claims of ineffective assistance of appellate counsel. Groover v. Singletary, 656 So.2d 424 (Fla.1995). This Court determined that all of Groover's habeas claims had been raised in prior proceedings, where they had been found to be either procedurally barred or without merit. Thus, appellate counsel was not ineffective for failing to raise the claims and Groover was not entitled to habeas relief. Id. at 425.
In August 1994, this Court vacated codefendant Robert Lacy Parker's death sentence for the Sheppard murder. Parker v. State, 643 So.2d 1032 (Fla.1994). Parker was subsequently sentenced to life imprisonment by the trial court. In December 1994, Groover filed another motion to vacate judgment and sentence with request for leave to amend. This is the motion that is the subject of the instant case. The motion alleged that codefendant Parker's life sentence was newly discovered evidence that should be considered in mitigation of Groover's death sentences. In February 1995, Groover amended his motion and claimed that certain state agencies had not provided public records pursuant to chapter 119, Florida Statutes (1995). He also requested leave to amend his motion again when the agencies complied with his chapter 119 request. The State moved to dismiss this amended motion, arguing that it was not verified, that Groover had neither asked nor received the court's permission to amend his motion, and that the public records claim was time barred. In May 1995, the trial court issued an order denying Groover's 3.850 motion and dismissing the unverified amended motion. The trial court did not hold an evidentiary hearing and did not allow Groover's counsel to present legal argument on the 3.850 motion. This appeal followed the denial of Groover's motion for rehearing.
We affirm the trial court's denial of Groover's newly discovered evidence claim because codefendant Parker's subsequent life sentence for the Sheppard murder does not meet the requirements of Scott v. Dugger, 604 So.2d 465 (Fla.1992). In Scott, this Court vacated a defendant's death sentence in postconviction proceedings in light of the imposition of a life sentence for the same murder on an equally culpable codefendant. Id. at 470. Scott outlined two requirements that must be met before a defendant's death sentence can be set aside because of a codefendant's subsequent life sentence: 1) the life sentence could not have been known by the parties by the use of due diligence at the time of trial; and 2) the codefendant's life sentence would probably result in a life sentence for the defendant on retrial. Id. at 468.
In the instant case, the trial court concluded that while Parker's life sentence for the Sheppard murder satisfied the first requirement, it did not meet the second requirement because Parker and Groover were not equally culpable participants in the murders for which Groover received a death sentence. The trial court's order also outlined in detail the record evidence as to the defendants' varying roles in the three murders: Groover was the only triggerman in the Padgett and Dalton murders; and while neither Groover nor Parker shot Sheppard, Groover urged the actual triggerman to shoot her again and then offered the triggerman a knife to cut her throat. Moreover, the court's order noted that there is no disparity between Parker's and Groover's sentences for Sheppard's murder as both were convicted of first-degree murder and both have received life sentences.[1] Thus, Parker's subsequently imposed life sentence for the Sheppard murder would not probably result in life sentences for Groover in the Padgett and Dalton murders. The trial court further noted that it had already rejected, in its original sentencing order, Groover's claim in mitigation that he had acted under the domination of Parker in all of the murders. We agree with the trial court's conclusion.
The record evidence cited by the court and attached to the order denying relief conclusively shows that Groover received the same sentence as Parker for the Sheppard *1038 murder and therefore was not entitled to relief on this claim, thereby obviating the need for an evidentiary hearing. See Roberts v. State, 568 So.2d 1255, 1256 (Fla.1990) (stating that where trial court denies a motion for postconviction relief without conducting an evidentiary hearing, the motion and the record must conclusively demonstrate that the defendant is entitled to no relief). Thus, we find no merit to Groover's claim that the trial court erred in denying his motion without an evidentiary hearing.
We also find that the court did not err in denying Groover's motion without providing him an opportunity to argue his motion. Groover argues that this Court's decision in Huff v. State, 622 So.2d 982, 983 (Fla.1993), requires that the parties in a death penalty postconviction case must be permitted to appear before the court to argue the motion and whether an evidentiary hearing is needed. Accord Lopez v. Singletary, 634 So.2d 1054, 1058 (Fla.1993). However, our holding in Huff was limited to initial death penalty postconviction motions. 622 So.2d at 983. Groover's motion here was not an initial postconviction motion. Thus, although it would have been the better practice for the court to have permitted legal argument on the motion, a Huff hearing was not required.[2] Moreover, even if a Huff hearing had been required in the instant case, the court's failure to do so would be harmless as no evidentiary hearing was required and relief was not warranted on the motion.
Groover's final claim involves the trial court's dismissal of his amended postconviction motion. The court based the dismissal on several grounds, including the fact that Groover failed to verify the amended motion under oath as required by rule 3.850. See Fla.R.Crim.P. 3.850(c) (motion shall be under oath). Contrary to Groover's argument, rule 3.850 requires that all motions be verified, even where the motion amends a previously filed verified motion. Failure to meet the oath requirement warrants dismissal of the motion without prejudice. Anderson v. State, 627 So.2d 1170, 1171 (Fla. 1993). Thus, we find no error in the trial court's dismissal of Groover's unverified amended motion.
Accordingly, we affirm the trial court's denial of Groover's motion for postconviction relief and dismissal of his amended motion.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
SHAW, J., concurs in result only.
NOTES
[1] As noted above, Groover has already received a life sentence for the Sheppard murder, as Parker did upon resentencing. Thus, there is no disparity in these sentences.
[2] We note that this Court recently amended Florida Rule of Criminal Procedure 3.851 to require Huff hearings prior to ruling on any rule 3.850 motion filed by a death row inmate. See Amendments to Florida Rules of Criminal Procedure, 685 So.2d 1253, 1254 (Fla.1996). However, that rule change applies only to 3.850 motions that had not been ruled on as of January 1, 1997. Id. at 1254, 1272.