711 So.2d 30 (1998)
Michael MORDENTI, Appellant,
v.
STATE of Florida, Appellee.
No. 89959.
Supreme Court of Florida.
May 28, 1998.
*31 Terri L. Backhus, Special Assistant CCR CCRC-Middle Region, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, and Robert J. Landry, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Michael Mordenti appeals the trial court's summary denial of his motion to vacate judgment filed pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. For the reasons expressed, we reverse the summary denial and remand this cause for a Huff[1] hearing at which the trial court must allow Mordenti's counsel an opportunity to be heard on the motion.
Mordenti was convicted of conspiracy to commit murder and first-degree murder of Thelma Royston (the victim) and was sentenced to thirty years in prison and death, respectively, after the jury recommended death by an eleven-to-one vote. The facts at trial established that Mordenti was hired by the victim's husband, Larry Royston, to kill the victim. The key witness at trial was Mordenti's former wife, Gail, who acted as the contact person between the victim's husband and Mordenti. After the victim's husband and Mordenti were charged with the murder, the husband committed suicide and his version of the events at issue was not available at trial. This Court affirmed the convictions and sentences in Mordenti v. State, 630 So.2d 1080 (Fla.1994), in which the facts of this murder are set forth in more detail.
Certiorari was denied by the United States Supreme Court in June 1994. Mordenti v. Florida, 512 U.S. 1227, 114 S.Ct. 2726, 129 L.Ed.2d 849 (1994). On September 2, 1995, Mordenti filed a motion to vacate judgment with a special request for leave to amend. On September 30, 1996, the trial court issued an order summarily denying the motion without holding an evidentiary hearing and without providing Mordenti's counsel an opportunity to be heard as to why an evidentiary hearing on the motion was warranted. This appeal followed, in which Mordenti raises thirty issues,[2] one of which we find to be dispositive.
Mordenti argues that the trial court erred in summarily denying his motion to vacate without holding any type of hearing. According to Mordenti, under Huff v. State, 622 So.2d 982 (Fla.1993), a hearing was required to allow the attorneys the opportunity to *32 argue the merits of holding an evidentiary hearing. The State concedes that a Huff hearing was required; however, the State asserts that we should find this error to be harmless under Groover v. State, 703 So.2d 1035 (Fla.1997).
In Huff, we directed that trial judges must allow the attorneys in a capital case the opportunity to appear before the court to be heard on an initial rule 3.850 motion. We found that such a hearing was necessary due to the severity of the punishment at issue in death cases. The purpose of what has now come to be known as a "Huff hearing" is to allow the trial judge to determine whether an evidentiary hearing is required and to hear legal argument relating to the motion. In Huff, we acknowledged that the requirement for this type of hearing does not mean that the judge must conduct an evidentiary hearing in all death penalty postconviction cases; however, we concluded that a Huff hearing does help to ensure that a defendant's due process rights are protected. We also concluded that Huff was to be applied prospectively from the date of our decision in that case. Notably, Huff was decided in 1993; the order in this case was issued in 1996, almost three years after our decision in Huff. Consequently, Huff clearly applies here.[3]
As noted by the State, we did conclude in Groover that the failure to hold a Huff hearing on the defendant's fourth request for postconviction relief constituted harmless error. We did so, however, after finding that our ruling in Huff was limited to initial postconviction motions. Additionally, we stated in Groover that "it would have been the better practice for the court to have permitted legal argument on the motion." 703 So.2d at 1038.
The postconviction relief motion filed in this case was Mordenti's first such motion. Because it was his first postconviction relief motion, under Huff, he was entitled to be heard on the legal arguments as to why an evidentiary hearing in this case may be necessary. For instance, on direct appeal we found that a number of the issues raised by Mordenti were procedurally barred because Mordenti's counsel failed to preserve the issues for review. See Mordenti, 630 So.2d at 1084 (majority of issues raised by Mordenti not objected to at trial and, absent fundamental error, are procedurally barred; it was "error for Mordenti's cellmate to testify regarding Mordenti's purported `mob' association; however, because defense counsel failed to request a mistrial, this claim is procedurally barred"). In his postconviction relief motion, Mordenti raises a number of issues regarding ineffective assistance of counsel. A Huff hearing would allow Mordenti an opportunity to be heard on how he was prejudiced by the errors committed by counsel and how an evidentiary hearing will show that ineffective assistance deprived him of a fair trial. Moreover, it does appear that an evidentiary hearing is warranted on some of the issues raised.[4]
Additionally, holding a Huff hearing would have allowed Mordenti to be heard on the status of his public records requests. See Ventura v. State, 673 So.2d 479, 481 (Fla.1996) (dismissal of capital defendant's motion for postconviction relief, before public records sought by him were provided, was premature, and defendant was entitled to amend his motion once requested records were furnished). Contrary to the trial court's findings in the order denying postconviction relief, public records requests are cognizable in a rule 3.850 motion. See Walton v. Dugger, 634 So.2d 1059 (Fla.1993) (inability to access certain files and records properly raised in postconviction motion). Additionally, if the trial court determines that public records have been withheld from Mordenti, then he should be allowed to amend his postconviction motion once those records are furnished.
*33 Accordingly, we reverse the summary denial of Mordenti's motion to vacate judgment and we direct the trial court to hold a Huff hearing in this case within thirty days from the date this opinion becomes final. If the trial court finds that public records have been withheld, then the trial court shall order compliance with the public records request and Mordenti shall have sixty days from the date of compliance to file an amended rule 3.850 motion. The State shall have twenty days to file a response. The trial judge shall then schedule a hearing on the rule 3.850 motion within ninety days from the date of the State's response.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, ANSTEAD and PARIENTE, JJ., concur.
WELLS, J., concurs with an opinion in which PARIENTE, J., concurs.
WELLS, Justice, concurring.
I concur with the majority that a reversal and remand is necessary.
I write to advocate an amended rule 3.851. I believe the rule should be amended to require that an evidentiary hearing is mandated on initial motions which assert ineffective assistance of counsel, Brady, or other newly discovered evidence claims, or other legally cognizable claims which allege an ultimate factual basis. Too much judicial and counsel time and resources have been wasted in determining whether to hold an evidentiary hearing. This has added to the inordinate amount of time prisoners remain on death row.
I would also amend the rule to clearly state that an evidentiary hearing on a successive motion would be very difficult to obtain. To get a hearing I would require the names, addresses, and phone numbers of any claimed witnesses and their immediate availability (within ten days) for deposition by the State. I would require a substantial showing in the motion detailing exactly the evidence supported by sworn affidavits and why that evidence was not available for the initial motion. I would further require those motions to be filed in this Court for determination as to whether an evidentiary hearing is warranted.
The process should be that the initial motion requires a full evidentiary proceeding as a matter of course but a successive motion would as a matter of course not be granted an evidentiary hearing.
PARIENTE, J., concurs.
NOTES
[1] Huff v. State, 622 So.2d 982 (Fla.1993).
[2] Mordenti claims (1) the trial judge erred in failing to grant a Huff hearing on the rule 3.850 motion; (2) Mordenti is entitled to an evidentiary hearing on the motion; (3) records requested pursuant to chapter 119, Florida Statutes (1997), are being wrongfully withheld by state agencies; (4) it is unconstitutional to require Mordenti to file a motion under rule 3.851 within one year after Mordenti's conviction became final; (5) Mordenti was denied effective assistance of counsel at trial; (6) hearsay evidence was improperly admitted at trial; (7) appellate review was unreliable because the trial transcript was incomplete; (8) prejudicial evidence was improperly admitted at trial; (9) counsel was ineffective at voir dire; (10) Mordenti's jury was not representative; (11) Mordenti's right to remain silent was violated; (12) the trial court erroneously instructed the jury regarding the standard for judging expert witness testimony; (13) the trial court erred in permitting the jury to hear hearsay statements made by Larry Royston; (14) the State used misleading testimony and improper argument; (15) Mordenti was denied a proper adversarial testing during the penalty phase due to ineffective assistance of counsel; (16) the prosecution engaged in misconduct during the trial; (17) the trial court refused to find and weigh mitigating circumstances in the record; (18) nonstatutory aggravating circumstances were used in sentencing Mordenti to death; (19) counsel erroneously failed to present evidence in mitigation regarding Mordenti's post-arrest good behavior; (20) the instruction given on the aggravating circumstance that the murder was committed in a cold, calculated, and premeditated manner was unconstitutional; (21) the trial court erred in instructing on the aggravating circumstance of heinous, atrocious, or cruel; (22) the jury's sense of responsibility was diminished; (23) the burden of proof regarding sentencing was erroneously shifted to Mordenti; (24) Florida's statute on the aggravating circumstances is facially unconstitutional; (25) the death penalty is not a proportionate sentence under the circumstances of this case; (26) the State engaged in improper argument during the penalty phase; (27) Mordenti's counsel was improperly prohibited from interviewing jurors; (28) certain jurors engaged in misconduct during the trial; (29) Florida's death penalty statute is unconstitutional; and (30) the many errors in this case, when considered cumulatively, warrant relief.
[3] Effective January 1, 1997, a Huff hearing must be conducted on all rule 3.850 motions filed in capital cases where the defendant has been sentenced to death. See Fla. R.Crim. P. 3.851(c).
[4] See for example the claim that Mordenti's counsel was ineffective in failing to adequately present Mordenti's alibi defense, in failing to investigate Gail Mordenti's romantic relationship with the victim's husband, in failing to properly investigate the circumstances of Mordenti and Gail's divorce, and in failing to inform Mordenti of his constitutional right to testify.