WELLS, Judge.
Lawrence Martin appeals the trial court’s denial of post-conviction relief under Florida Rule of Criminal Procedure 3.850. Martin raised five claims in his motion, arguing: (1) trial counsel was ineffective for failing to inform defendant of the elements of each offense to which he pled guilty; (2) trial counsel was ineffective for failing to inform defendant of the minimum or maximum penalties; (3) trial counsel was ineffective for stipulating to a factual basis for the plea; (4) Martin’s mental problems precluded him from understanding the proceedings; and (5) trial counsel failed to file a motion to suppress statements given to the police after his arrest, but before he was given Miranda[1] *1109 warnings. The trial court held an eviden-tiary hearing on claim 3 only, and thereafter denied relief on all the claims. We affirm the trial court’s denial of relief as to claims 1 through 4. As to claim 5, we remand for an evidentiary hearing because the record fails to conclusively demonstrate that Martin is entitled to no relief, and do so with instructions that Martin be granted leave to amend or supplement this claim. See Groover v. State, 703 So.2d 1035, 1038 (Fla.1997) (confirming that where a trial court denies a motion for postconviction relief without conducting an evidentiary hearing, the motion and the record must conclusively demonstrate that the defendant is entitled to no relief); Roberts v. State, 568 So.2d 1255, 1256 (Fla. 1990)(same).
Affirmed in part, reversed in part and remanded with instructions.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).