# Supreme Court of Florida

_____

No. SC13-1470
_____

**KENNETH HARTLEY,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[June 18, 2015]

PER CURIAM.

This case is before the Court on appeal from an order denying Kenneth

Hartley's second successive postconviction motion under Florida Rule of Criminal

Procedure 3.851.  Because the order concerns postconviction relief from a sentence

of death, this Court has jurisdiction of the appeal under article V, section 3(b)(1),

Florida Constitution.  For the reasons that follow, we affirm the postconviction

court's denial of relief.

## FACTS AND PROCEDURAL HISTORY

We described the facts of this case in greater detail on direct appeal.  Hartley

v. State (Hartley I), 686 So. 2d 1316, 1318-19 (Fla. 1996), cert. denied, 522 U.S.

825 (1997).  The facts relevant here are that Hartley and his codefendants—Ronnie Ferrell and Sylvester Johnson—were separately tried and "convicted of the first-degree murder, robbery, and kidnapping of seventeen-year-old Gino Mayhew (the victim)."  Id. at 1318.  Ferrell was sentenced to death for the first-degree murder conviction, and Johnson received a life sentence.  Id.  The record evidence established that "[o]n April 22, 1991, the victim was selling crack from his Chevrolet Blazer at an apartment complex."  Id.  The three codefendants approached the Blazer, and Hartley held a gun to the victim's head, forcing him into the driver's seat.  Id.  Hartley then sat in the back seat behind the victim—with Ferrell in the front passenger seat—and forced the victim to drive to a remote location.  Id. at 1318, 1323.  Johnson followed them in another vehicle.  Id. at 1318.  The next day, the police found the Blazer parked in the remote location, containing the victim's body slumped over in the driver's seat with four bullet wounds to the head and one in the shoulder.  Id.  During his incarceration, Hartley provided details of the murder to several of his cellmates and admitted committing the murder.  Id. at 1318-19.

Hartley's trial resulted in a jury recommendation of death by a nine-to-three vote, and the trial court sentenced Hartley to death.  Id. at 1319.  The trial court

found six aggravators[1] and "minimal mitigation." Id.; see also Hartley v. State (Hartley II), 990 So. 2d 1008, 1010 (Fla. 2008) ("The court assigned great weight to each aggravator and found that each, standing alone, outweighed the little mitigation the court found and to which it assigned only slight weight."). On direct appeal,[2] we found that the trial court erred in finding the HAC aggravator, but affirmed Hartley's conviction and sentence, finding any error harmless. Id. at 1323-24. Thereafter, Hartley's first postconviction motion[3] was denied by the trial

---

1. These were prior violent felony; committed during a kidnapping; committed to prevent lawful arrest; committed for pecuniary gain; heinous, atrocious, or cruel (HAC); and cold, calculated, and premeditated (CCP).

2. On appeal, Hartley claimed that the trial judge: (1) erred in admitting a police officer's statement regarding a robbery committed against the victim two days before the victim was murdered; (2) improperly excluded the testimony of a witness regarding a letter purportedly containing a confession by another individual as to this crime; (3) improperly denied Hartley's motion for mistrial, which was based on improper prosecutorial statements during opening; (4) improperly excluded testimony from Sidney Jones concerning the name of the police officer to whom he reported; (5) erred in finding that the State had a race-neutral reason for excluding a prospective juror; (6) erred in excusing a prospective juror for cause because the juror was against imposition of the death penalty; (7) erroneously instructed the jury on the aggravating circumstance of CCP; (8) erred in finding the murder to be CCP; (9) erroneously doubled the aggravating factors of committed for pecuniary gain and committed during the course of a kidnapping; (10) erroneously instructed the jury on the aggravating circumstance of HAC; and (11) erred in finding the murder to be HAC. Hartley I, 686 So. 2d at 1319.

3. Hartley raised the following claims in that motion: 1) that Hartley was denied an adversarial testing; 2) that all claims in the original motion, filed by Capital Collateral Regional Counsel-North, warranted relief; 3) that newly discovered evidence showed that trial witness Sidney Jones had a "testifying relationship" with the State; 4) that Hartley's incriminating statements to cellmates

court, and we affirmed. Hartley II, 990 So. 2d at 1011, 1016. The trial court also

denied Hartley's first successive postconviction motion, asserting a claim under

should have been suppressed; 5) that there was no reliable transcript; 6) that the
State introduced nonstatutory aggravators; 7) that the State withheld material
evidence; 8) that the HAC aggravator was unsupported by the evidence; 9) that the
HAC instruction was unconstitutionally vague; 10) that the CCP and pecuniary
gain instructions were unconstitutionally vague and the findings unsupported by
the evidence; 11) that the prosecutor misled the jury about its sentencing role; 12)
that the trial court erred by instructing the jury that "no one has the right to violate
the rules that we all share"; 13) that the trial court erred in admitting "gruesome"
photographs; 14) that the trial court erred in giving the expert witness instruction;
15) that the trial court refused to find nonstatutory mitigation; 16) that the standard
jury instructions diminish the jury's sense of responsibility in violation of Caldwell
v. Mississippi, 472 U.S. 320 (1985); 17) that the jury instructions on aggravating
factors were constitutionally inadequate; 18) that the prosecutor improperly argued
the victim impact evidence; 19) that the prosecutor impermissibly commented on
the credibility of a State witness; 20) that the trial court erred in instructing that a
majority could render a sentence recommendation; 21) that the trial court allowed
the State to argue lack of remorse; 22) that the defendant's execution is
unconstitutional because he was a juvenile; 23) that the one-year time limit in
Florida Rule of Criminal Procedure 3.851 is unconstitutional; 24) that Rule
Regulating the Florida Bar 4-3.5(d)(4), which precludes juror interviews, is
unconstitutional; 25) that Florida's capital sentencing scheme is unconstitutional
on its face and as applied; 26) that penalty phase jury instructions
unconstitutionally shifted the burden of proof to Hartley; 27) that Florida's capital
sentencing scheme is unconstitutional under Ring v. Arizona, 536 U.S. 584 (2002);
28) that trial counsel provided ineffective assistance by failing to call certain
penalty phase witnesses, failing to call alibi witnesses, failing adequately to
question jurors and remove biased jurors, failing to present mitigation, failing to
use a mental health expert and to establish available mitigation, and failing to
present mitigation evidence that Hartley saved another inmate's life; and 29) that
postconviction counsel was ineffective for failing to obtain public records. Hartley
II, 990 So. 2d at 1011 n.3. On appeal from the trial court's denial of that motion,
this Court only addressed the three claims that Hartley did not expressly waive. Id.
at 1011.

Porter v. McCollum, 558 U.S. 30 (2009), and we affirmed the denial. Hartley v. State (Hartley III), 91 So. 3d 848 (Fla.), cert. denied, 133 S. Ct. 758 (2012). The instant motion is Hartley's second successive postconviction motion and asserts that Hartley must be resentenced to life based on the newly discovered evidence that his codefendant, Ronnie Ferrell, subsequently received a life sentence. As such, the procedural history for Ferrell's case is also relevant here. On direct appeal, we affirmed Ferrell's convictions for first-degree murder, armed robbery, and armed kidnapping, and his death sentence for the first-degree murder conviction. Ferrell v. State (Ferrell I), 686 So. 2d 1324, 1326 (Fla. 1996). On postconviction, however, the postconviction court granted Ferrell a new penalty phase hearing, and we affirmed. Ferrell v. State (Ferrell II), 29 So. 3d 959, 964-65 (Fla. 2010). On remand, the State agreed to waive the death penalty, and Ferrell acknowledged under oath that he was not the shooter in this case. Ferrell was sentenced to life imprisonment.

## ANALYSIS

"Absent an abuse of discretion, a trial court's decision on a motion based on newly discovered evidence will not be overturned on appeal." Mills v. State, 786 So. 2d 547, 549 (Fla. 2001). Where the newly discovered evidence is a codefendant's subsequent life sentence, "the defendant must show: '1) the life sentence could not have been known to the parties by the use of due diligence at

the time of trial; and 2) the codefendant's life sentence would probably result in a life sentence for the defendant on retrial.' " Ventura v. State, 794 So. 2d 553, 571 (Fla. 2001) (quoting Groover v. State, 703 So. 2d 1035, 1037 (Fla. 1997)). The parties here agree that Ferrell's life sentence constitutes newly discovered evidence, but disagree as to whether it would result in a life sentence for Hartley on retrial. The postconviction court found that such result is not likely because Hartley was the more culpable codefendant in that he played a dominant role in the crime and was the triggerman who actually killed the victim. Therefore, the court denied Hartley's motion.

We also reject Hartley's argument and affirm the postconviction court's denial of relief, as Hartley has not shown that Ferrell's life sentence would probably result in a life sentence for Hartley on retrial. Hartley was more culpable as both the triggerman and dominant actor in the crime. See, e.g., Stein v. State, 995 So. 2d 329, 341-42 (Fla. 2008); Blake v. State, 972 So. 2d 839, 849-50 (Fla. 2007); Ventura, 794 So. 2d at 571. Hartley is therefore not entitled to relief.

Hartley argues that he is entitled to a reduced sentence because the trial court and this Court already found Hartley and Ferrell to be equally culpable, and equally culpable codefendants must be treated alike. Hartley is correct that at Ferrell's first sentencing hearing, Judge Oliff—the original sentencing judge in both Ferrell's and Hartley's cases—found Ferrell to be equally culpable to Hartley.

- 6 -

However, Ferrell's original sentence was vacated as a result of his successful postconviction motion, and he received a new penalty phase. Ferrell II, 29 So. 3d at 964-65, 984-88. As such, the trial court's prior findings no longer stand, especially given that a trial court is not obligated to make the same findings on resentencing as at the original sentencing. Phillips v. State, 705 So. 2d 1320, 1322 (Fla. 1997) ("Phillips' resentencing proceeding was a 'completely new proceeding,' and the trial court was therefore under no obligation to make the same findings as those made in Phillips' prior sentencing proceeding." (quoting King v. Dugger, 555 So. 2d 355, 358-59 (Fla. 1990)).

Additionally, Hartley misconstrues our findings in Ferrell's direct appeal case. Specifically, Hartley quotes from our opinion that "[a]lthough not considered in aggravation, the trial judge noted that Ferrell was just as culpable as the shooter because he used his friendship with the victim to lure the victim to his death." Ferrell I, 686 So. 2d at 1327. Hartley also cites the following passage:

> [T]he sentence of death in this case is appropriate even though Ferrell was not the shooter and even though Johnson received a sentence of life-imprisonment. First, Ferrell played an integral part in planning and carrying out the murder. Moreover, Ferrell used his friendship with the victim to lure him to his death. Johnson merely provided the getaway vehicle after the crime was committed. We have previously determined that death is the appropriate sentence under similar circumstances.

Id. at 1331. However, these passages do not constitute a finding that the trial court's finding of equal culpability is supported by competent, substantial

- 7 -

evidence. Rather, the first quote simply describes the trial court's findings, and the second quote discusses proportionality, with no mention of Hartley or his culpability as compared to Ferrell's. Hartley's arguments misconstrue our prior opinion and rely on trial court findings that were vacated on postconviction.

## CONCLUSION

We find that Hartley is not entitled to relief because as the triggerman and dominant actor, he was the more culpable codefendant. We hereby affirm the postconviction court's denial of Hartley's second successive postconviction motion.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Duval County,
       Lance Manning Day, Judge - Case No. 161991CF008144AXXXMA

Linda McDermott of McClain & McDermott, P.A., Estero, Florida,

       for Appellant

Pamela Jo Bondi, Attorney General, and Patrick M. Delaney, Assistant Attorney General, Tallahassee, Florida,

       for Appellee