# Supreme Court of Florida

_____

No. SC19-1709
_____

**JEFFREY LEE ATWATER,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

August 13, 2020

PER CURIAM.

Jeffrey Lee Atwater appeals an order of the circuit court denying his fifth successive postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

## BACKGROUND

Atwater was convicted of first-degree murder and robbery and was sentenced to death. The record reflects that during closing arguments, defense counsel conceded that the State's evidence demonstrated that Atwater committed second-degree murder, though counsel argued there was insufficient evidence of first-degree murder.

In his fifth successive postconviction motion, Atwater argued that he was not informed of counsel's plan to concede guilt, and if he had been informed, he would not have agreed. Invoking *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), Atwater asserted that counsel's concession of guilt without his consent was a structural error that entitled him to a new trial. *McCoy* held that it violates the Sixth Amendment when an attorney concedes his client's guilt over the client's "insistent objections." *Id.* at 1512. Atwater requested an evidentiary hearing. He also filed a motion to stay the case management conference until his counsel returned from maternity leave. The trial court denied the motion to stay and dismissed the successive postconviction motion, for two reasons.

First, the court found that the postconviction motion was untimely. Rule 3.851(d)(1) requires postconviction motions in capital cases to be filed within one year of the judgment and sentence becoming final, subject to limited exceptions. Atwater sought to avail himself of rule 3.851(d)(2)(B), which creates an exception for motions that allege "the fundamental constitutional right asserted was not established within the period provided for in subdivision (d)(1) and has been held to apply retroactively." The trial judge found that under the plain language of the rule, a defendant cannot file a motion under this exception unless the constitutional right asserted "has been held" to apply retroactively prior to the motion being filed.

Because no court has held that *McCoy* applies retroactively, the trial court found that this exception to the one-year time limitation did not apply.

Second, even if the postconviction motion had been timely, the court found it was without merit. Taking as true the factual allegations in Atwater's motion, the court found that *McCoy* does not govern this case because Atwater did not allege that counsel conceded his guilt over Atwater's objections. Instead, Atwater's motion states that he never discussed with his attorneys the possibility of conceding guilt.

The trial court found this case to be controlled by *Florida v. Nixon*, 543 U.S. 175, 178, 192 (2004), in which the Supreme Court held that where the defendant "neither consents nor objects" to a proposed trial strategy of conceding guilt, there is no "blanket rule demanding the defendant's explicit consent." Therefore, the trial court found Atwater's claim under *McCoy* was without merit and dismissed the postconviction motion.

## ANALYSIS

On appeal, Atwater challenges both the dismissal of his postconviction motion and the trial court's failure to conduct a case management conference or evidentiary hearing prior to ruling on the motion. "We review a circuit court's summary rejection of a postconviction claim de novo, 'accepting the movant's factual allegations as true to the extent they are not refuted by the record, and

affirming the ruling if the record conclusively shows that the movant is entitled to no relief.' " *Dailey v. State*, 279 So. 3d 1208, 1215 (Fla. 2019) (quoting *Pardo v. State*, 108 So. 3d 558, 561 (Fla. 2012)).

We agree with the trial court that, accepting as true the factual allegations in Atwater's motion, he has failed to show entitlement to relief under *McCoy*. Contrary to Atwater's claim, the Supreme Court in *McCoy* did not hold that counsel is required to obtain the express consent of a defendant prior to conceding guilt. Instead, the Court held that if a defendant "expressly asserts that the objective of '*his* defence' is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt." *McCoy*, 138 S. Ct. at 1509 (quoting U.S. Const. amend. VI). Because McCoy "vociferously insisted that he did not engage in the charged acts and adamantly objected to any admission of guilt," the Supreme Court found that counsel's concession of guilt violated McCoy's "[a]utonomy to decide that the objective of the defense is to assert innocence." *Id.* at 1505, 1508.

Unlike the defendant in *McCoy*, Atwater does not allege that he expressed to counsel that his objective was to maintain his innocence or that he expressly objected to any admission of guilt. Instead, Atwater states that he did not discuss the possibility of conceding guilt with counsel. The crux of Atwater's argument is to fault counsel for failing to discuss with Atwater the potential trial strategy of

- 4 -

conceding guilt. But counsel's duty to discuss trial strategy with the defendant was established long before the Supreme Court's decision in *McCoy*. In its 2004 decision in *Nixon*, for example, the Supreme Court noted that "[a]n attorney undoubtedly has a duty to consult with the client regarding 'important decisions,' including questions of overarching defense strategy." *Nixon*, 543 U.S. at 187 (quoting *Strickland v. Washington,* 466 U.S. 668, 688 (1984) ("From counsel's function as assistant to the defendant derive[s] the . . . dut[y] to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution.")). At its heart, Atwater's claim is not a *McCoy* claim; Atwater has not alleged that counsel conceded guilt over Atwater's objection. Therefore, the trial court was right to conclude that Atwater's allegations are facially insufficient to warrant relief under *McCoy*.

Because Atwater has not stated a facially sufficient claim, the trial court's failure to hold a case management hearing as provided for by rule 3.851(f)(5)(B) was harmless error. *Rivera v. State*, 260 So. 3d 920, 926 (Fla. 2018) (citing *Groover v. State*, 703 So. 2d 1035 (Fla. 1997)).

In light of this disposition, we find it unnecessary to address the trial court's ruling that a motion filed pursuant to rule 3.851(d)(2)(B) is untimely unless the fundamental constitutional right asserted has already been held to apply retroactively.

## CONCLUSION

Based on the foregoing, we affirm the dismissal of the postconviction motion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, and COURIEL, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Pinellas County,
Joseph Anthony Bulone, Judge - Case No. 521989CF013299XXXXNO

Eric Pinkard, Capital Collateral Regional Counsel, Julie A. Morley, James L. Driscoll, Jr., and Tracy M. Henry, Assistant Capital Collateral Regional Counsel, Middle Region, Temple Terrace, Florida,

for Appellant

Ashley Moody, Attorney General, Tallahassee, Florida, and Marilyn Muir Beccue, Senior Assistant Attorney General, Tampa, Florida,

for Appellee